UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Patricia T. Patterson,   ) C/A No.0:10-2456-CMC-BM
                         )
           Plaintiff,    )
                         )
vs.                      ) Report and Recommendation
                         )
Dana Stogner; Lisha Booth, )
                         )
           Defendants.   )
_____)

This civil action has been filed *pro se* and *in forma pauperis*. Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). *See* 28 U.S.C. § 1915(e)(2)(B); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997)(pleadings by non-prisoners should also be screened).

This Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii).[1] Hence, under

---

[1] A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).



1

§ 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of Plaintiff's filing, the undersigned finds that the Complaint is subject to summary dismissal.

## DISCUSSION

The Complaint alleges that Defendants Lisha Booth and Dana Stogner, employees of the Office of the Clerk of Court of Lancaster County, South Carolina, "initiated [a] conspiracy to commit fraud that deprived privileges guaranteed under SC WCC Act. . . . [and] violated Plaintiff's 1st, 5th, and 14th Amendment rights granted under the U.S. Constitution" (Complaint, Entry 1, at 4), in connection with an appeal of Plaintiff's South Carolina Worker's Compensation Commission case, which was heard in the Lancaster County Court of Common Pleas and decided adversely to Plaintiff. While the allegations are somewhat unclear, Plaintiff cites to 42 U.S.C. §§ 1983[2] and

---

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence

2



1985[3] (Complaint, Entry 1, at 15) and alleges the Defendants' violations of various Federal Rules of Civil Procedure, South Carolina Rules of Civil Procedure, and South Carolina Appellate Court Rules (Complaint, Entry 1, at 9), in an effort to show that Defendants sent and/or failed to send various notices to Plaintiff "with fraudulent intentions," "perform[ed] tasks outside of [their] judicial duties," and "prevented [Plaintiff from filing] a timely motion for new trial, appeal, alter, or amend judgment." (Complaint, Entry 1, at 9). Plaintiff further alleges that "in deceit, [Defendant] Booth neglected to docket all Pleadings transferred from Court of Appeals, Motions, Briefs, Objections, and Returns filed with the case," and that Defendant Stogner "intercepted and failed to respond" to Plaintiff's inquiries to the Administrative Judge of the Circuit Court and "violat[ed] Plaintiff's Procedural Due Process. . . with an Order filed March 26, 2010 denying Motion to Supplement Pleadings prepared, and signed by, Stogner." (Complaint, Entry 1, at 12-13). Under the heading "Requested Relief," Plaintiff writes: "In their judicial capacity, Absolute-Quasi-Judicial Immunity with Equitable, and Declaratory Relief is requested in deprivation for loss of WCC Benefits, misconduct, and conspiracy to commit fraud." (Complaint, Entry 1, at 4). Under the heading "Relief

---

fails. *See McKnight v. Rees*, 88 F.3d 417 (6th Cir. 1996). In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him or her of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

[3] Section 1985 pertains to a conspiracy to interfere with civil rights, (1) to prevent an officer from performing a duty; (2) to obstruct justice; intimidate a party, witness, or juror; (3) or to deprive persons of rights or privileges. Under 42 U.S.C. § 1986, "every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 . . . are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented . . .".



- state briefly and exactly what you want this court to do for you," Plaintiff writes: "Pursuant to Title 42 U.S. Code section 1983/Title 42 U.S. Code section 1985, Plaintiff petitions the Court for Equitable, Declaratory Relief with Quasi-Judicial Immunity in her judicial capacity for fraud upon the court and conspiracy to commit fraud in deprivation of privileges guaranteed under the 1st, 5th, 14th Amendment, SC WCC Act and any other awards the Court deems appropriate." (Complaint, Entry 1, at 15).

In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over the subject matter of the litigation. It is well settled that federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute; *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986); which is not to be expanded by judicial decree. *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951). Further, it is to be presumed that a cause lies outside this limited jurisdiction; *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11, (1799); and the burden of establishing the contrary rests upon the party asserting jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936).

In order to proceed with her case, Plaintiff's claim must fall under one of the two most commonly recognized and utilized bases for federal court jurisdiction: (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The allegations contained in Plaintiff's Complaint do not fall within the scope of either form of this Court's limited jurisdiction, and there is no other possible basis for federal jurisdiction evident.

4



First, there is clearly no basis for a finding of diversity jurisdiction over this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($ 75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States[.]

28 U.S.C. § 1332 (emphasis added). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978). This Court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because, according to the information provided by Plaintiff when she filed her Complaint, Plaintiff and the Defendants are all residents of Lancaster County, South Carolina. (Complaint, Entry 1, at 2, 4).

Second, it is clear that the essential allegations contained in the Complaint are insufficient to show that the case is a viable one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a viable claim cognizable under this Court's "federal question" jurisdiction. When considering the issue of whether a case is one "arising under the Constitution . . ." or, in other words, whether "federal question" jurisdiction is present, a federal court is not bound by the parties' characterization of a case, and District courts are authorized to disregard such characterizations to avoid "unjust manipulation or avoidance of its jurisdiction." *Lyon v. Centimark Corp.*, 805 F. Supp. 333, 334-35 (E.D. N.C. 1992); *see Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908); *cf. Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109 (1936)("Not every question of federal law emerging in a suit is proof that

5



a federal law is the basis of the suit."); *Bonner v. Circuit Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975)(federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."). Thus, this Court is not bound by Plaintiff's assertions that some of her federal rights were violated by Defendants and may disregard those claims if the facts and circumstances surrounding the relationship between Plaintiff and Defendants do not support Plaintiff's contentions.

Here, the doctrine of absolute quasi-judicial immunity protects the Defendants from the kind of claims asserted in this case. The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel such as the Defendants because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992)(quoting *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989)); *see Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980)(collecting cases on immunity of court support personnel); *Cook v. Smith*, 812 F. Supp. 561, 562 (E.D. Pa. 1993); *Mourat v. Common Pleas Court of Lehigh County*, 515 F. Supp. 1074, 1076 (E.D. Pa. 1981). In *Mourat v. Common Pleas Court of Lehigh County*, the district court, in a bench ruling, rejected claims similar to those raised by the *pro se* Plaintiff in the case *sub judice*:

> In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonataries, there exists an equally well-grounded principle that any public official acting pursuant to court order is also immune." We have here quoted from *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969)[, cert. denied, 396 U.S.

6



> 941, 90 S. Ct. 378, 24 L. Ed. 2d 244 (1969)]. If he failed to act in accordance with the judicial mandate or court rule, he would place himself in contempt of court. *See Zimmerman v. Spears*, 428 F. Supp. 759, 762 (W.D.Tex.), aff'd, 565 F.2d 310 (5th Cir. 1977); *Davis v. Quarter Sessions Court*, 361 F. Supp. 720, 722 (E.D.Pa.1973); *Ginsburg v. Stern*, 125 F. Supp. 596 (W.D. Pa.1954), aff'd per curiam on other grounds, 225 F.2d 245 (3d Cir. 1955) sitting en banc.

515 F. Supp. at 1076; *see also Dieu v. Norton*, 411 F.2d 761, 763 (7th Cir. 1969)("Defendants Circuit Judge Cotton, court reporter Tellschow and circuit court clerk Block were all acting in the discharge of their official responsibilities[;] [a]s such they were protected by the traditional doctrine of judicial immunity, as this rule of law was not abolished by § 1983, supra.").

In their capacities as administrative assistants in the Office of the Clerk of Court of Lancaster County, the Defendants were responsible for processing certain pleadings and orders in the case in which Plaintiff's opponents prevailed in state court litigation. The alleged wrongdoing by the Defendants involves such processing of pleadings, orders, and docket information issued by the Lancaster County Court of Common Pleas, with Plaintiff's contentions of constitutional violations by Defendants all arising from Defendants' judicially related activities in connection with this litigation. As a result, Plaintiff cannot recover damages or obtain other relief from the Defendants because of their performance of employment duties. As employees of the Office of the Clerk of Court for the Lancaster County Court of Common Pleas at all relevant times in this case, Defendants are entitled to absolute quasi-judicial immunity over Plaintiff's claims in this case because the allegations of the Complaint show that the Defendants were following rules and directives of the court or were acting pursuant to authority delegated by the court to Clerk's office personnel when they did the things of which Plaintiff now complains. *See Mitchell v. Forsyth*, 472

7



U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability").[4]

Here, the factual allegations contained in the Complaint show that Plaintiff's claims of constitutional violations by the Defendants are all based on her displeasure with being the losing party in a state court case. She cites to § 1983 and § 1985 as being the basis for her request for relief because she contends, essentially, that the Defendants contributed to her adverse outcome in her state court litigation. Hence, in reality Plaintiff's Complaint asks this Court to sit as an appellate court over the Lancaster County Court of Common Pleas, to review the state court's proceedings, to reject the state court's judgments which affirmed the final determination of the South Carolina Workers' Compensation Commission, and to, instead, award Plaintiff workers' compensation benefits and other compensatory, equitable, and declaratory relief. Such claims are subject to summary dismissal

---

[4] Furthermore, to the extent that Plaintiff's Complaint seeks injunctive relief, rather than compensatory, equitable, or declaratory relief, such claim is barred by § 1983, which states in pertinent part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, *except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.*

42 U.S.C. § 1983 (emphasis added). Since there is no declaratory decree involved here and no request for or basis shown for entry of a declaratory judgment in this case, any claim for injunctive relief against Defendants is statutorily barred. *Catanzaro v. Cottone*, 228 Fed. Appx. 164 (3d Cir. April 5, 2007); *Esensoy v. McMillan*, No. 06-12580, 2007 U.S. App. LEXIS 2085 (11th Cir. Jan 31 ,2007).



because, under the *Rooker-Feldman* Doctrine,[5] this Court is without jurisdiction to consider them, as the proceedings and rulings made in the Lancaster County South Carolina Court of Common Pleas cannot be reviewed or set aside by the United States District Court for the District of South Carolina in this case.[6] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983)(a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257). *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see, e.g., Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005); *Davani v. Va. Dep't of Transport.*, 434 F.3d 712 (4th Cir. 2006); *Ivy Club v. Edwards*, 943 F.2d 270, 284 (3d Cir. 1991).

According to the Fourth Circuit, "the *Rooker-Feldman* doctrine applies . . . when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006); *cf. Ruttenberg v. Jones*, 283 Fed. Appx. 121, 2008 WL 2436157 (4th Cir. 2008)(reversing a *Rooker/Feldman* dismissal). Plaintiff's Complaint's claims for equitable and declaratory relief for alleged federal constitutional violations by two employees of the Lancaster County Clerk of Court's

---

[5] Because the *Rooker-Feldman* Doctrine is jurisdictional, it may be raised by the Court *sua sponte*. *American Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003).

[6] Appeals of orders issued by lower state courts must first go to a higher state court, while the Congress has provided that only the Supreme Court of the United States may review a decision of a state's highest court. *See* 28 U.S.C. § 1257(since 1988, such Supreme Court review is discretionary by way of a writ of certiorari and is not an appeal of right); *see Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491 (3d Cir. 1997). In civil, criminal, and other cases, the Supreme Court of the United States has reviewed decisions of the Supreme Court of South Carolina that were properly brought before it under 28 U.S.C. § 1257 or that statute's predecessors. *E.g., Lucas v. South Carolina Coastal Council*, 505 U.S. 1003 (1991) (an example of a South Carolina Supreme Court case that was reviewed by the United States Supreme Court).

9



office in connection with the exercise of their employment duties, does not alter the fact that Plaintiff is, in reality, attempting to have this Court review the proceedings that took place in the South Carolina state court and reverse the final decisions of that court. *See Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986)("[I]t is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review."); *see also Hagerty v. Succession of Clement*, 749 F.2d 217, 219-20 (5th Cir. 1984)(collecting cases). The *Rooker-Feldman* Doctrine applies to bar the exercise of federal jurisdiction even when a challenge to state court decisions or rulings concerns federal constitutional issues such as Plaintiff attempts to raise in this case. *See Arthur v. Supreme Court of Iowa*, 709 F. Supp. 157, 160 (S.D. Iowa 1989).

Since Plaintiff is claiming that she was injured by decisions made and outcomes reached in administrative proceedings before the South Carolina Workers' Compensation Commission which were affirmed in appellate proceedings before the Lancaster County Court of Common Pleas, *see Willner v. Frey*, No. 06-1432, 243 Fed. Appx. 744, 2007 WL 222778 (4th Cir. 2007), to rule in favor of the Plaintiff on her constitutional claims would, necessarily, require this Court to overrule and reverse orders and rulings made in the state court. Such a result is prohibited under the *Rooker-Feldman* Doctrine. *Davani*, 434 F.3d at 719-20; *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. at 293-94; *Jordahl v. Democratic Party of Va.*, 122 F.3d at 201.

Moreover, even if the doctrine of quasi-judicial immunity did not bar Plaintiff's § 1983 claims against Defendants, and even if the *Rooker-Feldman* Doctrine did not deprive this Court of subject matter jurisdiction over Plaintiff's complaint, the Complaint would still be subject to summary dismissal because it also fails to state a claim under § 1985 for which this Court can grant

10



relief. Although it is not set out with specificity, it appears that Plaintiff proposes to proceed pursuant to § 1985(3) which states:

> If two or more persons . . . conspire, . . . for the purpose of depriving,
> . . . any person or class of persons of the equal protection of the laws,
> or of equal privileges and immunities under the laws; . . . .

42 U.S.C. § 1985(3). Historically, this section was intended to encompass only those conspiracies motivated by animus against the kind of classes Congress was trying to protect when it enacted the Civil Rights Act. *Kimble v. D.J. McDuffy, Inc.*, 648 F.2d 340 (5th Cir. 1981). In *Simmons v. Poe*, 47 F.3d 1370 (4th Cir. 1995), the Fourth Circuit observed that:

> The law is well settled that to establish a sufficient cause of action for "conspiracy to deny equal protection of the laws" under section 1985(3), a plaintiff must prove: (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

47 F.3d at 1376 citing *Buschi v. Kirven*, 775 F.2d 1240, 1257 (4th Cir. 1985). The mere conclusory allegation of a conspiracy will not be sufficient to present a claim under § 1985. *Id.* at 1377; *see also David v. Hudgins*, 896 F. Supp. 561, 571 (E.D. Va. 1995).

Significantly, Plaintiff never alleges that the acts of the Defendants were in any way motivated by race. Plaintiff fails to allege any facts to support a cause of action based on 42 U.S.C. § 1985(3) because that statute was designed to protect certain classes of individuals on the basis of race, color, or national origin, and there are no facts in the Complaint that tend to show the acts complained of were racially motivated. *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (finding that "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory

11



animus behind the conspirators' action" to state a cause of action under 42 U.S.C. §1985).[7] Therefore, Plaintiff fails to assert any facts that could state a cognizable claim for relief under § 1985.

## RECOMMENDATION

Accordingly, it is recommended that the Court dismiss the complaint in this case without prejudice and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519.

_____
Bristow Marchant
United States Magistrate Judge

October 26, 2010
Charleston, South Carolina

---

[7]While the Supreme Court has not extended the reach of §1985 to classifications based upon a characteristic other than race; *see Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 269-70 (1993) (declining to extend the class of individuals covered under §1985 to women seeking an abortion); *Simmons v. Poe*, 47 F.3d 1370, 1376-77 (4th Cir. 1995) (§ 1985 requires racial animus); the Fourth Circuit has, however, determined that §1985 extends to religious discrimination as well. *See Ward v. Conner*, 657 F.2d 45, 49 (4th Cir. 1981) (finding Plaintiff had asserted a viable complaint under §1985 for religious discrimination).

12



**Plaintiff's attention is directed to the important notice on the next page.**
**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>   Larry W. Propes, Clerk
>   United States District Court
>   Post Office Box 835
>   Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

