IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Patricia Patterson, ) | C/A NO. 0:10-2456-CMC-BM |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Dana Stogner; Lisha Booth, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint, asserting various claims against the above-listed Defendants.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report"). On October 26, 2010, the Magistrate Judge issued a Report recommending that the complaint be dismissed without prejudice and without issuance and service of process. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if she failed to do so. Plaintiff filed objections to the Report on November 3, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

1

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Plaintiff's lengthy objections recite the background of this matter and repeat her assertions relating to an alleged conspiracy among various individuals (the Defendants in this matter and others not associated with this case) to interfere with a matter before the South Carolina Workers Compensation Commission and the South Carolina Sixth Circuit Court of Common Pleas.

Plaintiff disagrees with the portion of the Report which indicates that the Magistrate Judge viewed this matter as filed under 42 U.S.C. § 1983. Plaintiff maintains that this case is pursued under 42 U.S.C. § 1985, not § 1983. However, page 15 of Plaintiff's Complaint notes that she is petitioning this court "[p]ursuant to 42 U.S. Code section 1983/42 U.S. Code section 1985" for relief. Comp. at 15 (Dkt. # 1, filed Sept. 21, 2010). The Complaint indeed largely references 42 U.S.C § 1985; however, it was not implausible for the Magistrate Judge to believe Plaintiff sought to make a claim under § 1983, as she references alleged violations of a variety of constitutional rights throughout her pleadings and attachments.

Plaintiff argues Defendants are not entitled to quasi-absolute judicial immunity because they allegedly conspired with others to violate her rights, and that this alleged conspiracy therefore precludes the application of this immunity. Even if Defendants were not entitled to this immunity (and this court finds that they are), the Complaint does not adequately plead a conspiracy under §

2

1985 to proceed against these – or any other – Defendants.

Section 1985(3) of Title 42 historically was intended to encompass only those conspiracies motivated by animus against the kind of classes of individuals Congress was trying to protect when it enacted the Civil Rights Act, namely, those classes of individuals discriminated against based upon race, color, or national origin. *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (finding that "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action" to state a cause of action under 42 U.S.C. §1985).[1] In *Simmons v. Poe*, 47 F.3d 1370 (4th Cir. 1995), the Fourth Circuit observed that:

> The law is well settled that to establish a sufficient cause of action for "conspiracy to deny equal protection of the laws" under section 1985(3), a plaintiff must prove: (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

47 F.3d at 1376 (citing *Buschi v. Kirven*, 775 F.2d 1240, 1257 (4th Cir. 1985)). Mere conclusory allegation of a conspiracy will not be sufficient to present a claim under § 1985. *Id*. at 1377.

There are no facts in the Complaint that tend to show the acts complained of were racially motivated. Indeed, Plaintiff repeatedly refers to Defendants and others discriminating against her based upon her *pro se* status. *See* Obj. at 6, 8, 12, 16, 19, 23, 34, 38 (Dkt. # 13, filed Nov. 3, 2010). Therefore, for the reasons stated in the Report, and as assessed by this court, Plaintiff fails to assert

---

[1] The Supreme Court has not extended the reach of §1985 to classifications based upon a characteristic other than race. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 269-70 (1993) (declining to extend the class of individuals covered under §1985 to women seeking an abortion). However, the Fourth Circuit has determined that §1985 extends to religious discrimination as well. *See Ward v. Conner*, 657 F.2d 45, 49 (4th Cir. 1981) (finding Plaintiff had asserted a viable complaint under §1985 for religious discrimination).

any facts that could state a cognizable claim for relief under § 1985.

Plaintiff also claims that the *Rooker-Feldman* Doctrine is inapplicable to this matter, as she has asserted a "premeditated conspiracy to commit fraud" by Defendants and others. Obj. at 34. Like the conclusory assertions contained in the Complaint, such an assertion does not change the fact that Plaintiff, in essence, seeks a determination by this court that Defendants and others allegedly committed fraud and therefore the findings of the South Carolina Workers Compensation Commission and the Sixth Circuit Court of Common Pleas should be set aside. It simply is not within the province of this court to do so.

For the reasons noted above, therefore, this action is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 22, 2010